IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on July 8, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| Oleksii Trofimchuk, | : | VIOLATIONS: |
| | : | |
| a/k/a "Vkorinec" | : | 18 U.S.C. § 1343 |
| a/k/a "Alex Malex" | : | (Wire Fraud) |
| a/k/a "Олексій Трофмчук," | : | |
| | : | |
| Defendant. | : | 18 U.S.C. § 1029(a)(2) |
| | : | (Access Device Fraud) |
| | : | |
| | : | 18 U.S.C. § 1029(a)(3) |
| | : | (Access Device Fraud) |
| | : | |
| | : | 18 U.S.C. § 1028A(a)(1) |
| | : | (Aggravated Identity Theft) |
| | : | |
| | : | **Criminal Forfeiture:** |
| | : | 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § |
| | : | 982(a)(2)(B); 18 U.S.C. § 1029(c)(1)(C); |
| | : | 28 U.S.C. § 2461(c) |
| | : | |
| | : | **Filed Under Seal** |

**INDICTMENT**

The Grand Jury charges that:

**INTRODUCTION**

At all times material to this indictment:

1.  Defendant OLEKSII TROFIMCHUK ("TROFIMCHUK"), also known as "Vkorinec," "Alex Malex," and "Олексій Трофмчук," was a citizen and resident of Ukraine. TROFIMCHUK had no known residence or past residence in the United States.

2. Personally identifiable information ("PII") was a term that referred to people's names, social security numbers, dates of birth, addresses, phone numbers, bank account numbers, bank routing numbers, bank account information, and online account usernames and passwords.

3. Marketplace A, whose identity is known to the Grand Jury, was an online marketplace dedicated to the sale of stolen login credentials that enable access to online accounts, including but not limited to accounts provided by financial institutions, online payment providers, and retailers. Notwithstanding the unlawful nature of the transactions that it facilitated, Marketplace A otherwise operated like many online marketplaces, such as eBay or Amazon Marketplace, which allow third parties to create vendor accounts, and to sell goods and services. Marketplace A allowed vendors to sell login credentials and related PII; to communicate with prospective buyers; and to receive payments through Marketplace A as an intermediary. The administrator(s) of Marketplace A obtained fees from a percentage of sales.

4. Company A, whose identity is known to the Grand Jury, was an online payment processing company headquartered in California.

### The Scheme

5. In or about February 2014, having conceived of a criminal scheme to profit from the fraudulent use of stolen login credentials, which scheme necessarily involved Wire Fraud and Access Device Fraud, TROFIMCHUK registered for a Marketplace A account with the moniker "Vkorinec."

6. During the period from September 2015 through at least September 2016, TROFIMCHUK further executed his criminal scheme by unlawfully obtaining login credentials and other PII related to accounts provided by Company A; by unlawfully possessing said login credentials and PII with the intent to sell or otherwise profit from said credentials; by unlawfully

selling stolen login credentials and PII through the Marketplace A website; and by purposefully enabling his customers to access stolen online accounts in order to steal from Company A and others.

7. It was part of the scheme that TROFIMCHUK and the administrator(s) of Marketplace A used online digital currencies, such as bitcoin, to send, receive, and distribute payments for the purchase and sale of login credentials and related PII that enabled their purchasers to access the relevant accounts and to thereby fraudulently obtain money.

8. Over the course of the scheme, TROFIMCHUK sold login credentials and related PII for over 25,000 accounts, including accounts from Company A.

## COUNT ONE
### (Wire Fraud)

9. Paragraphs 1 through 8 are re-alleged here.

10. Between about September 2015 and about September 2016, beginning outside of the jurisdiction of any particular State or district and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, OLEKSII TROFIMCHUK knowingly devised and intended to devise, and aided and abetted others in devising, a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

11. On or about September 23, 2016, beginning outside of the jurisdiction of any particular State or district and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, OLEKSII TROFIMCHUK, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign

commerce, the writings, signs, and signals which transmitted, from computers outside the United States to a computer in the United States; that is, OLEKSII TROFIMCHUK sold four sets of login credentials and other PII related to online accounts provided by Company A to a U.S. buyer who used the moniker Robert955.

**(Wire Fraud and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 1343 and 2)

## COUNT TWO
### (Access Device Fraud)

12. Paragraphs 1 through 8 are re-alleged here.

13. Between September 29, 2015 and September 27, 2016, beginning outside of the jurisdiction of any particular State or district and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, OLEKSII TROFIMCHUK, knowingly and with intent to defraud, and in a manner affecting interstate and foreign commerce by the use of interstate and foreign wire transmissions, trafficked in one or more unauthorized access devices, that is, login credentials, including usernames and associated passwords, for access to online accounts provided by Company A, by possessing with intent to sell and by selling said access devices, and by such conduct, between September 29, 2015 and September 27, 2016, in a period of less than one year, obtained anything of value aggregating $1,000.00 or more.

**(Access Device Fraud,** in violation of Title 18, United States Code, Sections 1029(a)(2) and (c)(1)(A)(i) and (2))

## COUNT THREE
### (Access Device Fraud)

14. Paragraphs 1 through 8 are re-alleged here.

15.     On or about August 4, 2016, beginning outside of the jurisdiction of any particular State or district and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, OLEKSII TROFIMCHUK, knowingly and with intent to defraud, possessed fifteen or more unauthorized access devices, that is, login credentials, including usernames and associated passwords, for access to online accounts provided by Company A, said possession affecting interstate and foreign commerce by the use of interstate and foreign wire transmissions.

(**Access Device Fraud**, in violation of Title 18, United States Code, Section 1029(a)(3), (c)(1)(A)(i) and (2))

## COUNT FOUR
### (Access Device Fraud)

16.     Paragraphs 1 through 8 are re-alleged here.

17.     On or about September 21, 2016, beginning outside of the jurisdiction of any particular State or district and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, OLEKSII TROFIMCHUK, knowingly and with intent to defraud, possessed fifteen or more unauthorized access devices, that is, login credentials, including usernames and associated passwords, for access to online accounts provided by Company A, said possession affecting interstate and foreign commerce by the use of interstate and foreign wire transmissions.

(**Access Device Fraud**, in violation of Title 18, United States Code, Section 1029(a)(3), (c)(1)(A)(i) and (2))

## COUNT FIVE
### (Aggravated Identity Theft)

18.     Paragraphs 1 through 8 are re-alleged here.

19. On or about April 18, 2016, beginning outside of the jurisdiction of any particular State or district and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, OLEKSII TROFIMCHUK, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), that is, Wire Fraud, in violation of 18 U.S.C. § 1343, and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), did knowingly possess and transfer, without lawful authority, a means of identification of another person, that is, login credentials and related PII for the online account at Company A belonging to A.R., a resident of the District of Columbia, knowing that said means of identification belonged to another actual person.

**(Aggravated Identity Theft,** in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), (5))

## FORFEITURE ALLEGATION

20. Upon Conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this Indictment, the defendant, OLEKSII TROFIMCHUK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

21. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  22. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1029 set forth in Counts Two, Three, and Four of this Indictment, the defendant, OLEKSII TROFIMCHUK, shall forfeit to the United States of America --

(A) pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s);

(B) pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense[s].

  23. If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections

982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(2)(B), Title 18, United States Code, Section 1029(c)(1)(C), and Title 28, United Sates Code, Section 2461(c))

A TRUE BILL

_____
Foreperson

_____
JESSIE K. LIU
UNITED STATES ATTORNEY IN AND FOR
THE DISTRICT OF COLUMBIA